Filed 8/13/26  P. v. Lopez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KRISTINA AMBER LOPEZ,<br><br>     Defendant and Appellant. | B347541<br><br>(Los Angeles County Super. Ct. No. NA122419) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas Webster and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following a bench trial, defendant and appellant Kristina Amber Lopez (Lopez) was found guilty of attempted voluntary manslaughter. (Pen. Code, §§ 664, 192, subd. (a).)[1] The trial court found true allegations that Lopez personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7, subd. (a)). After striking the enhancements, the court sentenced Lopez to serve three years in state prison.

On appeal, Lopez contends that the waiver of her right to a jury trial was invalid. We affirm.

## BACKGROUND

### I. Facts

Because the facts underlying Lopez's conviction are not relevant to the resolution of this appeal, we summarize them only briefly. Lopez and S.I.[2] were romantically involved with the same man. On August 26, 2023, Lopez arrived at her boyfriend's apartment and encountered S.I. The firearm Lopez was holding discharged, and S.I. sustained a bullet wound to her shoulder. S.I. survived.

### II. Procedural Background

Lopez was charged with attempted murder. (§§ 664, 187, subd. (a).)

On March 21, 2025, Lopez's counsel notified the trial court that he had "discuss[ed] a potential jury waiver" with the prosecutor and wanted to revisit the issue the following week.

---

[1]    All statutory references are to the Penal Code unless otherwise stated.

[2]    Per California Rules of Court, rule 8.90(b)(4), we refer to the victim in this criminal proceeding by her initials.

The court asked Lopez's counsel if he had "discussed with [his] client all of the rights she has[] to have a jury?" Counsel responded, "Yes."

After some discussion about scheduling, the trial court stated: "It seems to me that, since the defendant is willing to waive jury, I'll go ahead and take the jury waiver now from her. So if the People are willing to consent to waiving jury on Tuesday, we can move forward from there and not have to go back or have the defendant decide she doesn't want it."

The trial court advised Lopez: "[Y]ou have the right to a jury trial in this case. At that jury trial you would have a right to have 12 peers from the community decide your guilt or innocence in this case beyond a reasonable doubt. You would have the right to participate with your counsel and through your counsel in the selection of these 12 jurors."

Lopez's counsel told the trial court that he wanted to defer the waiver.

The following week, on March 25, 2025, Lopez's counsel told the trial court that he had spoken with "Lopez by phone the last couple days, in person at the . . . [j]ail, this morning, and other times" and that she was "willing to waive jury[.]"

The following colloquy ensued:

"THE COURT: Okay. Ms. Lopez, you have the . . . absolute right to a jury trial. You would have the right to participate with and through your counsel in the selection of those 12 jurors. Those 12 jurors would then decide the case, whether the people have met their burden of proving the charges and allegations beyond a reasonable doubt. You would have a right to call witnesses as you would in a court trial. [¶] Both the People and the defendant have a right to a jury trial. Do you

3

waive and give up that right and agree that this matter can be tried in this court?

"THE DEFENDANT:  Yes.

"THE COURT:  Yes?

"THE DEFENDANT:  Do I want to do it, just the judge court?

"THE COURT:  Yes.

"THE DEFENDANT:  Yes.

"THE COURT:  Okay.  Counsel joins?

"[DEFENSE COUNSEL]:  Defense counsel joins.

"THE COURT:  . . . [T]he People waive their right to a jury trial?

"[THE PROSECUTOR]:  Yes.  People do waive."

The trial court then found that both Lopez and the People had "knowingly, intelligently, and voluntarily waived their right to a jury trial."

Following a bench trial, the trial court found Lopez not guilty of attempted murder, but guilty of the lesser included offense of attempted voluntary manslaughter.

## DISCUSSION

### I.  Relevant Law

Defendants in criminal proceedings have the constitutional right to a jury trial.  (U.S. Const., amend. VI; Cal. Const., art. I, § 16.)  "However, a 'jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel.'  (Cal. Const., art. I, § 16.)  Waiver must be 'express[ed] in words . . . and will not be implied from a defendant's conduct.'  [Citation.]  Moreover, 'a defendant's waiver of the right to jury trial may not be accepted by the court unless

4

it is knowing and intelligent, that is, " ' "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," ' " as well as voluntary " ' "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." ' " ' [Citations.] '[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case.' [Citation.]" (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*).)

"[T]o help ensure that a defendant's jury trial waiver is knowing and intelligent," the California Supreme Court "recommend[s] that trial courts advise a defendant of the basic mechanics of a jury trial in a waiver colloquy, including but not necessarily limited to the facts that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 169.)

It is "also recommend[ed] that the trial judge take additional steps as appropriate to ensure, on the record, that the defendant comprehends what the jury trial right entails. A trial judge may do so in any number of ways—among them, by asking whether the defendant had an adequate opportunity to discuss the decision with his or her attorney, by asking whether counsel explained to the defendant the fundamental differences between a jury trial and a bench trial, or by asking the defendant directly if he or she understands or has any questions about the right

5

being waived.  Ultimately, a court must consider the defendant's individual circumstances and exercise judgment in deciding how best to ensure that a particular defendant who purports to waive a jury trial does so knowingly and intelligently." (*Sivongxxay*, *supra*, 3 Cal.5th at pp. 169–170.)

The California Supreme Court's recommended colloquy is advisory, and "not intended to limit trial courts to a narrow or rigid colloquy." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 170.)  "[A] trial court's adaptation of or departure from the recommended colloquy in an individual case will not necessarily render an ensuing jury waiver invalid.  [Citations.]" (*Ibid.*)

## II.  Standard of Review

We review de novo whether a defendant has adequately waived the right to a jury trial.  (See *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1660; see also *People v. Palmer* (2020) 49 Cal.App.5th 268, 280 [reviewing de novo "the legal question of whether [a] defendant's constitutional rights were violated"].)

## III.  Lopez Knowingly and Intelligently Waived Her Right to a Jury Trial

Examining "the totality of the circumstances" (*Sivongxxay*, *supra*, 3 Cal.5th at p. 167), we conclude that Lopez made a knowing and intelligent waiver of her right to a jury trial in favor of a bench trial.

Lopez was assisted by counsel, and it was her counsel who initiated the waiver request.  Lopez's counsel represented to the trial court that he had "discussed with [his] client all of the rights she has[] to have a jury[.]"  The court itself advised Lopez on March 21, 2025, that (1) she had "the right to a jury trial in this case"; (2) "[a]t that jury trial [she] would have a right to have 12 peers from the community decide [her] guilt or innocence . . .

6

beyond a reasonable doubt"; and (3) she "would have the right to participate with [her] counsel and through [her] counsel in the selection of th[o]se 12 jurors."

A few days later, on March 25, 2025, Lopez's counsel informed the trial court that he had spoken to Lopez several times within "the last couple [of] days" and that his client was "willing to waive" her right to a jury. The court again advised Lopez of her "absolute right to a jury trial[,]" including the right to participate with counsel in the selection of the 12 jurors who would decide whether the People had met their burden of proving the charges beyond a reasonable doubt and the right to call witnesses. Even after Lopez agreed to waive her right to a jury, the court asked Lopez to confirm her waiver. Lopez reconfirmed that she wanted "just the judge court[.]"

Lopez argues that her waiver was invalid because the trial court "fail[ed] to specifically advise [her] that a jury is selected from members of the community, and that a jury's guilty verdict must be unanimous . . . ." We are unpersuaded. The court told Lopez on March 21, 2025—only four days before Lopez waived—that she had the right to a jury comprised of "12 peers from the community." That the advisement did not track all of *Sivongxxay*'s advisory recommendations does not render Lopez's waiver unconstitutionally deficient as a matter of law. Even in *Sivongxxay*, the California Supreme Court found a jury waiver to be knowing and intelligent despite the preceding colloquy omitting the advisement that a jury verdict must be unanimous. (*Sivongxxay*, *supra*, 3 Cal.5th at pp. 166–167.)

Lopez also makes what she concedes is "a novel argument" that her waiver was invalid because the trial court failed to advise her "that a jury in California is now selected by a process

7

through which the court takes an active role in preventing racial and other forms of improper discrimination under Code of Civil Procedure section 231.7." This argument overlooks well-settled precedent "eschew[ing] any rigid formula or particular form of words that a trial court must use in taking a jury waiver[.]" (*Sivongxxay*, *supra*, 3 Cal.5th at p. 169; see also *People v. Morelos* (2022) 13 Cal.5th 722, 753–754.)

"Viewed holistically, the circumstances surrounding [Lopez]'s jury waiver demonstrate that it was knowing and intelligent." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 168.) Lopez has presented us with no reason to find the waiver invalid.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

GOORVITCH, J.

We concur:

LUI, P. J.

CHAVEZ, J.

8